IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ELLIOTT FINCH, JR.**  **PLAINTIFF**
**#187789**

V.    CASE NO. 4:23-cv-834 JM

**TERRI HOLLINGSWORTH, Clerk**
**Pulaski County Circuit Court,** *et al.*    **DEFENDANTS**

## ORDER

Plaintiff Elliot Finch Jr., in custody at the Pulaski County Detention Facility, filed a *pro se* Complaint under 42 U.S.C. § 1983 alleging a variety of constitutional violations. (Doc. 1). The Court must screen his complaint as required by 28 U.S.C. § 1915A.

**I.**     ***In Forma Pauperis***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma

pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) ("The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal. Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, 'the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.'") (citations omitted) (quoting *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.1997)).

Finch has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (Doc. 4). Accordingly, the Order denying Finch's motion to proceed *in forma pauperis* (Doc. 3) is VACATED. Finch's motion to proceed *IFP* (Doc. 2 & 4) is now GRANTED. Based on the information contained in Finch's account information sheet, the Court assesses an initial partial filing fee in the amount of $10.78. After the initial partial filing fee is collected, Finch will be obligated to make monthly payments in the amount of 20% of the preceding month's income credited to Finch's prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2). The clerk is directed to send a copy of this order to the Administrator of the Pulaski County Detention Facility, 3201 West Roosevelt Rd., Little Rock, AR 72204.

## II.  Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint

must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### III. Discussion

In 2016, Finch was convicted by a Pulaski County jury of aggravated residential burglary, aggravated assault, and first-degree terroristic threatening and sentenced to life imprisonment. *State v. Finch*, 60CR-13-3206 (Pulaski County) (Docket Sheet). After successfully challenging his right to self representation, Finch was granted federal habeas relief and his sentence was vacated. *Finch v. Payne*, 983 F.3d 973 (8th Cir. 2020). He is now detained awaiting retrial on those charges.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44. Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v.*

*Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

In his current complaint, Finch seeks damages alleging that he is unlawfully detained and being charged in violation of double jeopardy. Because Arkansas has an important interest in its criminal justice procedures, this Court should abstain from entertaining his constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Finch's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Finch seeks damages. Accordingly, his case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

### IV.  Conclusion

The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Finch's state criminal charges.

1. The Order denying Finch's motion to proceed *in forma pauperis* (Doc. 3) is VACATED. Finch's motion to proceed *IFP* (Doc. 2 & 4) is now GRANTED.

2. Finch may file a motion to reopen this case after final disposition of his state criminal charges. <u>Any motion to reopen must be filed with the Court within 60 days of that final disposition of his state criminal case</u>.

3. *In the event his state criminal case is still pending by this time next year*, Finch must file a status report by **September 28, 2024**, to let the Court know the status of his state criminal case. Failure to file a status report by September 28, 2024 will result in the Court dismissing his case without prejudice for failure to prosecute.

4

IT IS SO ORDERED this 29th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE